IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2015

**STATE OF TENNESSEE v. STACEY PHILANDER BALDON**

**Appeal from the Circuit Court for Lauderdale County**
**Nos. 5205, 6755     Joseph H. Walker, III, Judge**

_____

**No. W2015-00821-CCA-R3-CD  -  Filed October 23, 2015**

_____

The defendant, Stacey Philander Baldon, appeals the summary denial of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence. Because the petitioner stated a colorable claim for relief under Rule 36.1, which the State concedes, the trial court erred by summarily denying the motion. In consequence, we reverse the judgment of the trial court and remand the case for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROGER A. PAGE, J., joined. TIMOTHY L. EASTER, J., filed separate concurring opinion.

Stacey Philander Baldon, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Jeffrey D. Zentner, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 26, 2015, the defendant moved the trial court, pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believed to be an illegal sentence imposed for his 1999 Lauderdale County convictions of cocaine possession, possession of drug paraphernalia, and possession of a weapon by a felon in case number 6755. He claimed that because he was on parole from the 10-year sentence imposed for his 1989 convictions of robbery with a deadly weapon in Lauderdale County case number 5205 when he committed the conviction offenses in case number 6755, consecutive sentences were required by law, and the trial court's ordering the sentence in case number 6755 to be served concurrently with the sentence in case number 5205 directly contravened Tennessee Rule of Criminal Procedure 32(c)(3).

The judgments exhibited to the Rule 36.1 motion indicate that in case number 5205, the defendant pleaded guilty on June 23, 1989, to two counts of robbery with a deadly weapon in exchange for an effective sentence of 10 years' incarceration. In his motion, the defendant claimed that he was released on parole on December 4, 1992. Judgments included in the record for case number 6755 dated September 21, 1999, evince jury verdicts of guilty of possession with intent to deliver .5 grams or more of cocaine and possession of drug paraphernalia. A third judgment bearing the same case number and dated October 12, 1999, indicates that the defendant pleaded guilty to a charge of illegal possession of a weapon by a felon. All three judgments in case number 6755 bear offense dates of January 21, 1999, which date was, according to the defendant, prior to the expiration of his parole in case number 5205. The judgments in case number 6755 do not include any information about the alignment of the sentences imposed for the three convictions in that case or the alignment of the sentence imposed in case number 6755 with the remainder of the sentence in case number 5205, if any, but the defendant contends that, as part of his plea agreement with the State, the State agreed that it "would not recommend a mandatory consecutive sentence in the matter of his parole being revoked" and that the trial court ordered that the sentence "for the weapons charge" be served concurrently to "the violation of parole from case number 5205 in which the violation occurred on October 29, 1999[,] and the sentence expired on October 4, 2003."

The trial court summarily denied the defendant's motion on grounds that the defendant's sentence had "long expired," that the defendant "did not attach any proof of the allegations he made in the petition as to a parole sentence," and that the defendant "has failed to establish that he was sentenced in contravention of any applicable statute and, therefore, has failed to present a colorable claim for relief pursuant to Tennessee Rule of Criminal Procedure 36.1." Apparently misapprehending the defendant's claim, the court also concluded that the imposition of concurrent sentences was not prohibited in the defendant's case because Code section 40-35-115(b) provides for permissive consecutive sentence alignment for offenses committed while on probation, and Code section 40-20-111(b) does not provide for mandatory consecutive sentence alignment for offenses committed while on probation.

In this appeal, the defendant reiterates his claim that he was on parole in case number 5205 when he committed the offenses in case number 6755. The State concedes that the defendant has stated a colorable claim for relief under Rule 36.1, that the trial court erred by summarily denying the defendant's motion, and that the case must be remanded for the appointment of counsel and a hearing on the defendant's claim. For the reasons expressed below, we agree with the State.

Tennessee Rule of Criminal Procedure 36.1, which became effective on July 1, 2013, provides the defendant and the State an avenue to "seek the correction of an illegal sentence" by filing a motion in the trial court "at any time" following the conviction. Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id.* To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant need only "state[] a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). "Indeed, Rule 36.1 contains no provision for summary dismissal" when the defendant has expressed a colorable claim, "even when the record establishes that the claim raised in the motion cannot be supported." *George William Brady v. State*, No. E2013-00792-CCA-R3-PC, slip op. at 8-9 (Tenn. Crim. App., Knoxville, Dec. 19, 2013) (comparing Rule 36.1, which mandates "the appointment of counsel and a hearing upon the mere statement of 'a colorable claim'" with Code section 40-30-106, which requires "the post-conviction court to examine any post-conviction petition 'together with all the files, records, transcripts, and correspondence relating to the judgment under attack' before appointing counsel and holding an evidentiary hearing or summarily dismissing the petition"). "Because Rule 36.1 does not define 'colorable claim,'" this court has "adopted the definition of a colorable claim used in the context of post-conviction proceedings." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, slip op. at 3-4 (Tenn. Crim. App., Jackson, Aug. 13, 2014) (citing *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Nashville, July 16, 2014)). Supreme Court Rule 28 provides that "[a] colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [defendant], would entitle [the defendant] to relief." Tenn. Sup. Ct. R. 28 § 2(H). Moreover, in contrast to the requirements for avoiding summary dismissal of a petition for writ of habeas corpus, the defendant was not required to support his claim by providing any documentation from the record. *See, e.g.*, *George William Brady*, slip op. at 8 ("Under the liberal terms of Rule 36.1, the defendant's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim."); *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 13 (Tenn. Crim. App., Nashville, Sept. 11, 2013).

In this case, the defendant claimed in his motion that he was on parole in case number 5205 when he committed the conviction offenses in case number 6755 and that the trial court ordered that the sentence imposed in case number 6755 be served concurrently with the remainder of the sentence in case number 5205. If his claim is true, then Tennessee Rule of Criminal Procedure 32(c)(3)(A) mandated consecutive alignment, and the trial court's imposition of concurrent sentences would result in an illegal sentence. Rule 32 provides, in pertinent part, that

> [w]hen the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A) to a sentence for a felony committed while on parole for a felony[.]

Tenn. R. Crim. P. 32(c)(3)(A).

In this case, the judgments in case number 6755 are silent about the alignment of the sentence imposed in that case with the sentence imposed in case number 5205, which tends to undercut the merit of the defendant's claim. Because the judgments are silent, the sentence in case number 6755 becomes consecutive to the sentence in case number 5205 when "the law requires consecutive sentences . . . whether the judgment explicitly so orders or not." *See id.* That being said, the liberal terms of Rule 36.1 do not provide for summary dismissal when a defendant has stated a colorable claim for relief, even if that claim is not supported by the record. Thus, examining the defendant's claim, as we must, *in the light most favorable to the defendant*, we conclude that the defendant has stated a colorable claim for relief under the terms of the anathema known as Rule 36.1.

Because we have concluded that the defendant stated a colorable claim for relief, we must remand the case to the trial court for the appointment of counsel and a hearing on the defendant's motion. *See* Tenn. R. Crim. P. 36.1(b) ("If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court *shall* appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court *shall* hold a hearing on the motion, unless all parties waive the hearing.") (emphasis added). Of course, ultimately, the merit of the defendant's claim will be decided by the trial court following a hearing. Accordingly, the judgment of the trial court summarily denying the defendant's motion is reversed, and the case is remanded for further proceedings pursuant to Rule 36.1.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-